IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02266-BNB

GREGORY D. ALBRIGHT,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
COLORADO BOARD OF PAROLE,
COLORADO ADULT DIVISION OF PAROLE, and
BILL RITTER, Governor,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 3 0 2007

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED PLEADING

---

Plaintiff, Gregory D. Albright, is a prisoner in the custody of the Colorado Department of Corrections at the Limon Correctional Facility at Limon, Colorado. Mr. Albright initiated this action by filing **pro se** a pleading titled "Dual Jurisdiction Petition." In an order filed on October 26, 2007, the court directed Mr. Albright to cure the deficiencies in this action by filing his pleading on the proper form. Because Mr. Albright did not name his custodian as Respondent and because he alleged that he was asserting a claim or claims pursuant to 42 U.S.C. § 1983, the court provided him with the court's Prisoner Complaint form. On November 26, 2007, in response to the court's order to cure the deficiencies, Mr. Albright filed two pleadings in this action, a Prisoner Complaint and a "Petition for Injunction Unified With a Motion for a Writ of Habeas Corpus." The court must construe the pleadings liberally because Mr. Albright is representing himself. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v.**

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Albright will be ordered to file an amended pleading.

The court has reviewed Mr. Albright's pleadings filed on November 26, 2007, and finds that those pleadings are deficient. First, Mr. Albright may not file two different pleadings simultaneously in the same action. He must present all of his claims and allegations in a single pleading.

In addition, the statutory basis for the claims Mr. Albright is asserting in this action is not clear. Mr. Albright's claims apparently arise out of the supervision and subsequent revocation of his parole. It appears that Mr. Albright thinks he is asserting civil rights claims pursuant to 42 U.S.C. § 1983, as well as 42 U.S.C. §§ 1985 and 1986, and habeas corpus claims pursuant to 28 U.S.C. § 2241. However, the only relief he requests is his unconditional and immediate release from prison. Therefore, because the only relief Mr. Albright seeks is habeas corpus relief, it is not clear why he insists he is asserting some claim or claims pursuant to 42 U.S.C. §§ 1983, 1985, and 1986. Furthermore, because the only relief Mr. Albright requests is habeas corpus relief pursuant to § 2241, the court will provide to Mr. Albright the appropriate habeas corpus application form on which to file his amended pleading.

Finally, Mr. Albright fails to provide a short and plain statement of his claims challenging his parole supervision and revocation as required pursuant to Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may

respond and to allow the court to conclude that the allegations, if proven, show that the pleader is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a pleading "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Albright provides a great deal of legal theory and argument, but when it comes to asserting his actual claims for relief he makes only conclusory allegations that his rights have been violated. He fails to provide specific factual allegations that detail how his rights allegedly have been violated. In addition, Mr. Albright provides extensive discussion of issues that are not relevant to this lawsuit. For example, Mr. Albright devotes considerable attention to his prostate cancer even though he alleges that this medical issue will be raised in a separate action. If, as it appears, Mr. Albright seeks in this action to overturn what he believes was an unlawful revocation of his parole, he

must file an application for a writ of habeas corpus on the proper form and he must limit the claims and supporting allegations to the reasons he believes his parole unlawfully was revoked. For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). Accordingly, it is

ORDERED that Mr. Albright file **within thirty (30) days from the date of this order** an original and a copy of an amended pleading that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Albright, together with a copy of this order, two copies of the following form: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. It is

FURTHER ORDERED that, if Mr. Albright fails to file an original and sufficient copies of an amended pleading that complies with this order to the court's satisfaction within the time allowed, the action will be dismissed without further notice.

DATED November 30, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-02266-BNB

Gregory D. Albright
Prisoner No. 95774
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

    I hereby certify that I have mailed a copy of the **ORDER and two copies of Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** to the above-named individuals on 11/30/07

                                         GREGORY C. LANGHAM, CLERK

                                         By: _____
                                                   Deputy Clerk